IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3243-D

| | | |
|---|---|---|
| JOHNATHAN LEE BICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GLENN A. DEAVER, | ) | |
| | ) | |
| Defendant. | ) | |

On October 15, 2025, Johnathan Lee Bice ("Bice" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. Bice supplemented his complaint with medical records and other documents [D.E. 7, 8]. Bice moves for appointment of counsel [D.E. 18]. As explained below, the court denies Bice's motion for appointment of counsel, reviews Bice's filings, and dismisses Bice's complaint for failure to state a claim.

I.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (cleaned up). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (cleaned up); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192–93 (4th Cir. 2009).

The allegations of Bice's complaint arose at Tyrell Prison Work Farm ("Tyrell") and Maury Correctional Institution ("Maury"). See Compl. [D.E. 1] 5–7. Bice names Lieutenant Glenn A. Deaver ("Deaver") as the sole defendant. See id. at 3. Bice alleges Deaver was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. See id. at 5–7. Bice alleges on March 14, 2024, while asleep in his bunk at Tyrell, another inmate hit Bice on the head with a lock in a sock. See id. Bice alleges his face was cut and bleeding, but Deaver denied him medical care and left him in a holding cell for five and a half hours until he was transferred to Maury. See id. Medical staff at Maury examined Bice, and he received six stitches. See id.; see also [D.E. 8-1] 5–7. Bice alleges he did not receive medical care until seven hours after he was hit on the head. See Compl. 6. Bice alleges he now has a two-and-a-half-inch scar under his right eye. See id. at 7. Bice alleges he "could have caught gain green [sic] or an infection." [D.E. 1-1] 1. Bice seeks monetary damages. See Compl. 8.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676–77; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Estelle v. Gamble, 429 U.S. 97, 104 (1976). To plausibly allege such a claim, Bice must plausibly allege "that the [defendant] acted with deliberate indifference (subjective) to [his] serious medical needs (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (cleaned up); see Estelle, 429 U.S. at 104; Hixson v. Moran, 1 F.4th 297, 302 (4th Cir. 2021); Sosebee v. Murphy, 797 F.2d 179, 182–83 (4th Cir. 1986). Deliberate indifference "sets a particularly high bar to recovery." Iko, 535 F.3d at 241. Deliberate indifference requires that a defendant know of and purposefully ignore "an excessive risk to inmate health or safety[.]" Farmer v. Brennan, 511 U.S. 825, 837 (1994). For a delay in medical treatment to violate a prisoner's Eighth Amendment rights, the delay must cause "some substantial harm to the patient." Jackson v. Bush, 181 F.4th 407, 417 (4th Cir. 2026); see Formica v. Aylor, 739 F. App'x 745, 755 (4th Cir. 2018) (unpublished); Sharpe v. S.C. Dep't of Corrs., 621 F. App'x 732, 733–34 (4th Cir. 2015) (per curiam) (unpublished); Webb v. Hamidullah, 281 F. App'x 159, 166 n.13 (4th Cir. 2008) (per curiam) (unpublished) (collecting cases); Hawkins v. Allen, 743 F. Supp. 3d 765, 775 (E.D. Va. 2024). Mere negligence in diagnosis or treatment does not state a constitutional claim. See, e.g., Estelle, 429 U.S. at 105–06; Hixson, 1 F.4th at 303.

Bice has not plausibly alleged that Deaver was deliberately indifferent to his serious medical needs. On the contrary, the record demonstrates that Bice received constitutionally adequate medical care. See [D.E. 8-1] 5–7. To the extent Bice believes Deaver should have taken him to the medical clinic sooner, Bice has not plausibly alleged the seven-hour delay in receiving

medical care exacerbated his injury. See, e.g., Moskos v. Hardee, 24 F.4th 289, 297–98 (4th Cir. 2022); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988); Cumberlander v. Philbeck, No. 5:24-CT-3200, 2026 WL 2935391, at *5 (E.D.N.C. Sept. 30, 2026) (unpublished); Jones v. Nowlin, No. 1:21-CV-837, 2021 WL 5893290, at *2 (E.D. Va. Dec. 13, 2021) (unpublished); Burch v. Wallace, No. 1:20-2727, 2021 WL 1701079, at *4 (D.S.C. Jan. 26, 2021) (unpublished), report and recommendation adopted, 2021 WL 1691464 (D.S.C. Apr. 29, 2021) (unpublished). Moreover, "it is unlikely that a cut, even one that leaves a three-inch scar, is a sufficiently serious medical condition so as to satisfy the objective element of [Bice's] claim." Mullins v. Sw. Va. Reg'l Jail Auth.-Abingdon, No. 7:21-CV-289, 2021 WL 2188242, at *2 (W.D. Va. May 28, 2021) (unpublished); see, e.g., Kane v. Hargis, 987 F.2d 1005, 1009–10 (4th Cir. 1993); Martin, 849 F.2d at 871. Thus, the court dismisses the action for failure to state a claim.

As for Bice's motion for appointment of counsel, there is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024) (citation omitted); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 300 n.2 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (citation omitted); see Riddick v. Barber, 109 F.4th 639, 651 (4th Cir. 2024). A court must determine "(1) whether the plaintiff has a colorable claim and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." Jenkins, 109 F.4th at 247 (cleaned up). If the court answers both questions "affirmatively, the case presents exceptional circumstances." Id.

This case does not present exceptional circumstances. Bice's claim is not objectively complex, and Bice has demonstrated through his filings that he has the capacity to present the claim. Thus, the court denies the motion.

II.

In sum, the court DENIES plaintiff's motion for appointment of counsel [D.E. 18] and DISMISSES the action for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). The clerk SHALL close the case.

SO ORDERED. This 27 day of October, 2026.

JAMES C. DEVER III
United States District Judge